UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 06-CV-6174 (JFB) (ARL)

———————————

DAVE HANSON,

Plaintiff,

VERSUS

NASSAU COUNTY DEPARTMENT OF PUBLIC WORKS AND RICHARD LADEVARO, JR.,

Defendants.

———————————

MEMORANDUM AND ORDER
May 23, 2007

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Dave Hanson filed the complaint in this action on November 20, 2006, against his former employer, Nassau County Department of Public Works, and Richard Iadevaro, Jr. (improperly pled as "Richard Ladevaro, Jr.") (hereinafter "defendants"), for violations of Title VII of the Civil Rights Act of 1964, as codified by 42 U.S.C. §§ 2000e to 2000e-17, for race discrimination, a hostile work environment, and retaliation. (Compl. at 1-4.) On January 18, 2007, defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff failed to file an opposition to defendants' motion.[1] For the reasons that follow, defendants' motion to dismiss is denied. However, if plaintiff fails to inform the Court whether he intends to proceed with this action by June 15, 2007, plaintiff's complaint will be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

———————————

[1] "A plaintiff's failure to oppose a motion to dismiss does not, by itself, justify dismissal." *Rawlins v. M&T Mortg. Corps.*, No. 05-CV-2572 (RCC), 2005 U.S. Dist. LEXIS 19143, at *3 n.2 (S.D.N.Y. Sept. 1, 2005) (citing *Maggette v. Dalsheim*, 709 F.2d. 800, 802 (2d Cir. 1983)).

I. DISCUSSION

A. Defendants' Motion Pursuant to Rule 12(b)(6)

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (internal quotations omitted). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted). As plaintiff is proceeding *pro se*, the Court will "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000))

Defendants argue that plaintiff's complaint must be dismissed because it does not sufficiently establish a *prima facie* case of either discrimination based on race or retaliation. (Defs.' Mem. at 5.) However, defendants' position that plaintiff's complaint must establish a *prima facie* case, and in particular, must satisfy the *McDonnell Douglas* framework, has been specifically rejected by the United States Supreme Court in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). In *Swierkiewicz*, the Supreme Court rejected the concept that there is a heightened pleading standard in discrimination cases and, thus, held that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under *McDonnell Douglas*. *Swierkiewicz*, 534 U.S. at 510 ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 71-72 (2d Cir. 2006) (applying *Swierkiewicz* holding to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* holding to discrimination claims under Title VII).

The Supreme Court has recently reiterated that "courts should generally not depart from the usual practice under the Federal Rules [of Civil Procedure]," and explained that heightened pleading requirements can only be established through the legislative process. *Jones v. Bock*, – U.S. –, 127 S.Ct. 910, 918 (2007). No such heightened pleading requirement for discrimination claims exists in Title VII. Therefore, the controlling standard for survival of a motion to dismiss lies not in *McDonnell Douglas*, but in Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz*, 534 U.S. at 513 (complaints in discrimination cases "must satisfy only the simple requirements of Rule 8(a)").

The Second Circuit has emphasized that the Federal Rules "set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it

2

rests." *Leibowitz*, 445 F.3d at 591. Such a pleading "will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation omitted). A clear statement from the plaintiff alleging discrimination by the defendants is sufficient to achieve these goals. *See Ferro v. R. Exp. Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961) (holding that a complaint stating "that defendants have in a willful and malicious manner discriminated against plaintiff" provided sufficient notice of the discrimination claim).

Plaintiff has made a sufficiently clear statement in the amended complaint to satisfy Rule 8(a). Specifically, the complaint alleges:

> I was referred to as "N****" and a monkey by another employee who is Caucasian. There was a witness to this confrontation. After an investigation by department managers I was transferred to another department in which I face alot [sic] of retaliation and later on I was terminated, and the individual who committed the act is still employed; Therefore I perceived this as a cover up.

(Compl. at 4.) Plaintiff also indicated that the alleged discriminatory acts occurred between January 2004 and August 2006. (Compl. at 3.) In support of their motion to dismiss plaintiff's claim of race discrimination, defendants assert that plaintiff cannot satsify the *McDonnell Douglas* framework because plaintiff did not suffer any adverse employment action "at the time of, or as a result of, his formal complaint about the alleged, verbal abuse incident" and that "his termination from permanent employment (during his probationary period) is too distant in time to give rise to an inference of discrimination." (Defs.' Mem. at 6.) In support of their motion to dismiss plaintiff's claim of retaliation, defendants argue that plaintiff cannot establish a causal connection between his complaint to the County Equal Employment Opportunity office and the adverse termination action. (Defs.' Mem. at 8.) However, as stated *supra*, plaintiff need not establish a *prima facie* case and, therefore, defendants' arguments are premature. Furthermore, that "'it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . is not the test.'" *Swierkiewicz*, 534 U.S. at 515 (internal quotation omitted) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.")).[2]

Defendants do not argue that plaintiff

---

[2] Defendants assertion that plaintiff cannot succeed on a hostile work environment claim against the County is similarly unavailing at this stage in the proceedings. (Defs.' Mem. at 9.) More specifically, defendants argument under *Briones v. Runyon*, 101 F. 3d 287, 291-92 (2d Cir. 1996), that defendant Nassau County of Public Works provided a reasonable avenue for the complaint and that it took appropriate action, is more properly made on a motion for summary judgment. As stated *supra*, plaintiff has satisfied the notice pleading requirements of Rule 8.

failed to give sufficient notice of his claim against defendants. Instead, defendants argue the merits of plaintiff's claims. The fact that defendants were able to argue the merits of plaintiff's claims is evidence that defendants have sufficient notice, and that plaintiff's complaint achieves the ends the Second Circuit described in *Simmons*. *Simmons*, 49 F.3d at 87 (holding that a movant's failure to argue non-compliance with Rule 8 was evidence that the plaintiff's complaint contained sufficient notice); *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (stating that the movant's failure to argue a lack of notice was evidence that sufficient notice was given through the pleadings). Thus, although defendants may believe that there is a lack of evidence to support plaintiff's claims of discrimination and retaliation, "[t]his simplified notice pleading standard [under Rule 8(a)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512. Thus, defendants will have a full opportunity to raise these arguments should defendants move for summary judgment at the conclusion of discovery.

In short, plaintiff's allegations are sufficient to satisfy Rule 8 and survive a motion to dismiss. The Court cannot conclude, drawing all inferences in plaintiff's favor, that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores*, 343 F.3d at 148 (quoting *Conley*, 355 U.S. at 45-46); *see also Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998) (recognizing "that the pleading requirements in discrimination cases are very lenient, even *de minimis*").

B. Plaintiff's Failure to Respond

By order dated April 19, 2007, having received no opposition to defendants' motion and no communication from plaintiff since the filing of the complaint in this action in November 2006, the Court ordered plaintiff to inform the Court by April 30, 2007, whether he intends to proceed with the action. As of the date of this Memorandum and Order, the Court has received no response. Accordingly, although the Court denies defendants' motion to dismiss the complaint under Rule 12, plaintiff is warned that a failure to respond to this order will result in dismissal of the action for failure to prosecute pursuant to Rule 41(b). *See* Fed. R. Civ. P. 41(b) (permitting dismissal "[f]or failure of plaintiff to prosecute or to comply with these rules or any order of court"); *see also Heehoon Co. v. S.K. New York, Inc.*, No. 03-CV-0785 (NGG) (RML), 2007 U.S. Dist. LEXIS 28982, at *4 (E.D.N.Y. April 18, 2007) ("[D]ismissal [for failure to prosecute] may occur either on motion of defendant or by the court *sua sponte*.") (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Accordingly, plaintiff is given a final opportunity to inform this Court, in writing, on or before June 15, 2007, whether he intends to proceed with this action. If plaintiff informs the Court that he intends to proceed with the action, then the parties are directed to proceed with discovery in accordance with Magistrate Judge Lindsay's rules. However, if plaintiff fails to respond to this Order, then the case will be dismissed, without prejudice, for failure to prosecute.

III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied. It is further ordered that plaintiff file

4

a letter with the Court and serve a copy on defendants, on or before June 15, 2007, informing the Court whether he intends to proceed with the action. Plaintiff's failure to respond will result in dismissal, without prejudice, pursuant to Rule 41(b).

    SO ORDERED.


_____
    JOSEPH F. BIANCO
    United States District Judge

Dated: May 23, 2007
Central Islip, New York

    \* \* \*

Plaintiff is proceeding *pro se*. The attorney for defendants is Lorna B. Goodman, Esq., County Attorney of Nassau County, by Veronica M. Boland, Esq., Deputy County Attorney, One West Street, Mineola, New York 11530.